UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND, *et al.*,

        Plaintiffs,

v.

CASE NO. 12-CV-14899
HONORABLE GERSHWIN A. DRAIN

CMF GROUP, INC., *et al.*,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL COMPLETE ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND TO COMPEL WITNESSES TO APPEAR FOR DEPOSITIONS [#21] AND SCHEDULING HEARING FOR JULY 11, 2013 AT 2:30 P.M.**

I.     INTRODUCTION

On November 2, 2012, Plaintiffs, Trustees of the Iron Workers' Local No. 25 Pension Fund, Iron Workers' Health Fund of Eastern Michigan, Iron Workers Local No. 25 Vacation Pay Fund and Iron Workers' Apprenticeship Fund of Eastern Michigan, filed this action to recover unpaid employee benefit contributions from Defendants, CMF Group, Inc. ("CMF") and several principal owners of CMF.

Presently before the Court is Plaintiffs' Motion to Compel Complete Answers to Interrogatories and Request for Production of Documents and to Compel Witnesses to Appear for Depositions, filed on May 23, 2013. On May 29, 2013, this Court issued an Order for Submission and Determination of Motion Without Oral Argument. *See* Dkt. No. 22. The Court's May 29, 2013 Order required Defendants to file a Response to Plaintiffs' pending motion no later than June

7, 2013. Defendants have failed to file a Response to Plaintiffs' pending motion.

## II.     FACTUAL BACKGROUND

On April 8, 2012, Plaintiffs served their First Set of Interrogatories and Request for Production of Documents. *See* Plfs.' Mot., Ex. A. On May 8, 2012, Defendants served a document entitled "Defendant CMF Group, Inc., Cameron Lachine and Ted Mattieu's Objections to Plaintiffs' Interrogatories and Request for Production of Documents." *Id*., Ex. B. Defendants only addressed Interrogatory No. 2 and Requests to Produce 1, 2 and 3. Defendants objected to Interrogatory No. 2 and Requests to Produce 1 and 2, stating "Defendants' [sic] object . . . to the extent [the request/interrogatory] seeks information which is subject to attorney/client privilege or which constitutes attorney work product." *Id.* Defendants objected to Request to Produce No. 3 "to the extent that it requests documents which are available through public sources. Defendants' [sic] further object to the information requested in Request to Produce No. 3 to the extent that it is over broad since it seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence." *Id.* Defendants have failed to provide any responses to Interrogatory Nos. 1, 3, 4-10 and Request to Produce No. 4.

On May 15, 2013, Plaintiffs' counsel sent correspondence to Defendants' counsel requesting a discovery conference to discuss the disputed discovery issues. Defendants failed to respond to Plaintiffs' correspondence. Also on May 15, 2013, Plaintiffs requested dates for the deposition testimony of the individual Defendants and a corporate representative, however Defendants have failed to provide any available dates for the depositions.

## III.    LAW & ANALYSIS

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Rule 37(a)(1) states in relevant part: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery . . . ."  Fed. R. Civ. P. 37(a)(1).  Rule 37 further states:

> If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed –the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  Additionally, Rule 37(d)(1)(A)(ii) permits the Court to award sanctions for a party's failure to respond to properly served interrogatory requests.  *See* Fed. R. Civ. P. 37(d)(1)(A)(ii).

As to Interrogatory Nos. 1, 3, 4-10 and Request to Produce No. 4, Defendants shall serve complete responses to these discovery requests within ten (10) days from the date of this Order.  A review of these discovery requests demonstrates that the information sought by the Plaintiffs is reasonably calculated to lead to the discovery of admissible evidence.  If Defendants had any meritorious objections to these requests, Defendants should have filed timely objections, responded

to Plaintiffs' May 15, 2013 correspondence or to the pending motion. Defendants failure to respond to Plaintiffs' discovery requests, correspondence or the Court's May 29, 2013 Order is inexcusable.

Interrogatory No. 2 asks for a listing of each and every document, record or exhibit that Defendants believe support their defenses to Plaintiffs' claims. Defendants' objection is without merit. If any of the documents sought are privileged, then Defendants should have produced a privilege log. *See* Fed. R. Civ. P. 26(b)(5). In any event, the information sought is reasonably calculated to lead to the discovery of admissible evidence, and Defendants shall provide a complete response to Interrogatory No. 2 within ten (10) days from the date of this Order. Similarly, the same result is warranted as to Plaintiffs' Requests to Produce 1 through 3.

Additionally, Defendants shall appear for depositions in Plaintiffs' counsel's offices within ten (10) days from the date of this Order. Lastly, with respect to Plaintiffs request for costs and sanctions, the Court schedules a hearing on this issue for July 11, 2013 at 2:30 p.m.

## IV.    CONCLUSION

Accordingly, Plaintiffs' Motion to Compel Complete Answers to Interrogatories and Request for Production of Documents and to Compel Witnesses to Appear for Depositions [#21] is GRANTED. Defendants shall provide complete answers to Plaintiffs' Interrogatory Requests Nos. 1- 10 and Plaintiffs' Requests to Produce Nos. 1-4 within ten (10) days from the date of this Order. Defendants and a corporate representative shall appear for their depositions at Plaintiffs' counsel's office within ten (10) days from the date of this Order. The parties shall appear for oral argument on July 11, 2013 with respect to Plaintiffs request for costs and attorney fees. The parties may each file a memorandum, not to exceed three (3) pages in length, in support of their respective positions no later than July 5, 2013. Defendants are hereby warned that any further failure to cooperate in

the discovery process or failure to abide by this Order or any future discovery orders issued by this Court may result in sanctions, up to and including entry of default judgment.

    SO ORDERED.

                                      /s/Gershwin A Drain
                                      GERSHWIN A. DRAIN
                                      UNITED STATES DISTRICT JUDGE

Dated: June 27, 2013